CHARLES C. KAWIN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket 42043. Promulgated April 28, 1931.

*John A. Stolp, C. P. A.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

ARUNDELL: Petitioner claims that in 1920 it bought the good will of the Canadian company and that it sold the good will in 1925 at less than cost, thereby sustaining a deductible loss in the latter year.

The evidence is contrary to petitioner's claim that it bought good will in 1920. What actually occurred was that petitioner purchased the stock of the Canadian company by the issuance of its own stock. This did not give it ownership of the Canadian company's assets. When upon subsequent liquidation of the Canadian company petitioner took over its assets, a loss may have been sustained or a gain realized, depending upon whether the cost of the stock was more or less than the value of the assets received in liquidation. *E. C. Huffman*, 1 B. T. A. 52; *John K. Greenwood*, 1 B. T. A. 291.

Upon receipt of assets in liquidation a new basis for gain or loss arises, namely, the value of the assets at the time received. In this case the proof is unsatisfactory both as to the assets taken over and their value. The tangible equipment of the Canadian company business and its accounts receivable and cash were worth at the outside not over $5,000 according to the testimony. But, in addition to these, petitioner took over the service contracts from which the company's income was derived and which apparently were its most valuable assets. There is no evidence at all as to the number or value of these contracts. Nor is there any evidence at all upon which we could find that the Canadian company had any good will. It may be that petitioner paid more for the Canadian company stock than the contracts and other tangibles were worth, but, if so, the excess might be attributed to a number of factors other than the purchase of good will.

With the absorption of the Canadian company by the petitioner it is difficult to see how the good will that had belonged to the Canadian company could be held separate so as to be susceptible of a later sale. In fact, under the evidence it is extremely doubtful whether more than a small portion of the property acquired in 1920 was the same property that was sold in 1925. It appears that about

half of the laboratory equipment and supplies had been lost through theft. The contracts originally taken over were annual agreements and must have expired before 1925. While the evidence is that it was the practice of a number of petitioner's clients to renew their contracts from year to year, there is not even an approximation of the number of contracts sold in 1925 that were renewals of those acquired in 1920.

Thus, on the record as made we are unable to determine whether petitioner either acquired or sold good will, and, even if we presume that there was some element of good will involved, neither the cost nor sale price is established. We are accordingly unable to find any merit in the petitioner's claim and the respondent must be affirmed.

*Decision will be entered for the respondent.*